PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR MARTINEZ HERNANDEZ, | ) | CASE NO. 4:11CV02035 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Victor Martinez Hernandez filed this action under the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671, and *Bivens*[1] against the United States of America, Northeast Ohio Correction Center ("NEOCC") Warden Roddie Rushing, and Corrections Corporation of America ("CCA"). ECF No. 1. In the Complaint, Plaintiff alleges that Defendants allowed tear gas from an outdoor training exercise to seep into his housing unit. ECF No. 1 at 2-3. He seeks monetary and injunctive relief. ECF No. 1 at 3.

## I. Background

Plaintiff is a federal inmate incarcerated at NEOCC, a private prison owned and operated by CCA. ECF No. 1. He alleges the prison's SWAT team was conducting training exercises on the roof of the prison between 3:00 a.m. and 4:30 a.m. on September 23, 2010. ECF No. 1-1 at 1. At some point in the training, the officers discharged tear gas. ECF No. 1-1 at 1. As they continued their activities, the gas began to seep through the ventilation system into the housing units where the inmates were sleeping. ECF No. 1-1 at 1. Plaintiff and his cellmate awoke to find they were having difficulty breathing. ECF No. 1-1 at 1. Plaintiff attempted to get fresh air

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:11CV02035)

by opening his cell door, but found it locked. ECF No. 1-1 at 1-2. He tried to get the attention of an officer, but saw there was no officer in the unit. ECF No. 1-1 at 1-2. He alleges that although one of the officers was taken to the hospital for treatment, the inmates were not evacuated. ECF No. 1-1 at 2. He filed grievances; however, all of them were denied as untimely. ECF No. 1-1 at 2. He claims the Defendants were negligent in their use of tear gas in violation of the Eighth Amendment and denied him due process. ECF No. 1-1 at 2-3. He also contends CCA denied him equal protection by sending the injured officer to an outside hospital but treating the inmates in the facility. ECF No. 1-1 at 2-3.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV02035)

relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007)*. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

#### A. Federal Tort Claims Act

Plaintiff first seeks relief against the United States under the Federal Tort Claims Act ("FTCA"). The FTCA waives the United States Government's sovereign immunity for the negligent acts of government employees. 28 U.S.C. § 1346(b)(1); *see Montez v. United States*, 359 F.3d 392, 395 (6th Cir.2004). The statute defines "government employees" as "officers and employees of any federal agency." 28 U.S.C. 2671. The definition does not include independent contractors such as CCA, or the employees of the independent contractors. *See U.S. v. Orleans*, 425 U.S. 807, 813-14 (1976). The actions that give rise to Plaintiff's tort claim were committed by employees of CCA, and independent contractor. ECF No. 1. Consequently, the United States

3

(4:11CV02035)

is not liable under the FTCA for these acts.

### B. *Bivens* Claims

Furthermore, Plaintiff cannot proceed with a *Bivens* claim against these Defendants. First, the United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). The United States has not waived sovereign immunity and therefore cannot be sued in a *Bivens* action. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991)(stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). Plaintiff's *Bivens* claims against the United States are dismissed.

CCA also is not a proper party to a *Bivens* action. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action, therefore, cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States government. *Id*.

CCA, which owns and operates NEOCC, is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74. (pointing out that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his

4

(4:11CV02035)

only remedy lies against the offending individual officer).

Recently, the Supreme Court further declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, ___ S.Ct. ___, 2012 WL 43511 at* 10, slip op. (U.S. Jan. 10, 2012). The Supreme Court explained:

> [A] federal prisoner seek[ing] damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

*Id*. In such a case, a *Bivens* remedy cannot be implied. *Id*. Plaintiff's *Bivens* claims against NEOCC Warden Rushing, therefore, must also be dismissed.

**C. State Tort Law**

Finally, Plaintiff's claims are based on allegations that the Defendants were negligent in conducting the training exercise and in providing medical care for inmates. It is possible to liberally construe his Complaint as asserting a state tort law claim of negligence. Plaintiff's allegations, however, he fails to allege sufficient facts to establish federal court jurisdiction.

Federal subject matter jurisdiction can exist to consider matters of state tort law based on diversity of citizenship under 28 U.S.C. § 1332(a)(1), which vests the federal district courts with jurisdiction in cases of sufficient value between citizens of different States. The Court equates the citizenship of a natural person with his domicile, *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990), while a corporation is deemed to have the citizenship of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). A prisoner may be considered to domiciled in either the state in which he is incarcerated or in the state to which he

(4:11CV02035)

intends to return after his sentence is served. *See Johnson v. Corrections Corp. of America*, Case No. 00-4439, 2001 WL 1298982, at * 2 (6th Cir. Aug. 8, 2001); *see also Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973) (explaining the rebuttable presumption that a prisoner retains his former domicile after incarceration).[3] Diversity jurisdiction exists only when the Plaintiff is a citizen of a different state than all of the Defendants. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999).

The docket reflects that Plaintiff is domiciled in Ohio.[4] *See* ECF No. 1 at 2. Plaintiff, however, does not include information about the citizenship of the parties. He lists his residence and the Defendants' residences at NEOCC in Youngstown, Ohio. *See* ECF No. 1. At least on the face of the Complaint, diversity of citizenship does not appear to be complete.

Moreover, to establish diversity jurisdiction, the amount in controversy must also exceed the sum or value of $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount of damages claimed by the Plaintiff controls if the claim is apparently made in good faith, unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir.2000). Here, Plaintiff states only that he is

---

[3] Most cases have held that incarceration does not change a prisoner's domicile for purposes of the diversity statute. *See Polakoff v. Henderson*, 370 F.Supp. 690, 693 (N.D.Ga.1973) ("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration"), affirmed, 488 F.2d 977 (5th Cir. 1974); *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (per curiam) ("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration.").

[4] In his complaint, Plaintiff's recorded address is the NEOCC, a private prison owned an operated by CCA in Youngstown, Ohio. ECF No. 1 at 2.

6

(4:11CV02035)

seeking compensatory damages.  A party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.  *Boladian v. UMG Recordings, Inc.*, No. 03-2148, 2005 WL 14981 at 2 (6th Cir. Jan. 3, 2005).  This general request for unspecified damages is not sufficient to invoke federal subject matter jurisdiction.

### IV.  Conclusion

Accordingly, Plaintiff's claims under the Federal Tort Claims Act and his *Bivens* claims are dismissed with prejudice pursuant to 28 U.S.C. §1915(e).  Plaintiff's negligence claims are dismissed without prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

January 27, 2012            */s/ Benita Y. Pearson*
Date                                    Benita Y. Pearson
                                               United States District Judge

---

[5] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."